**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BSG TECH LLC,** | § | |
| | § | **CASE NO. 2:15-cv-01143** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **AMERICAN APPAREL, INC.** | § | |

| | | |
|---|---|---|
| **BSG TECH LLC,** | § | |
| | § | **CASE NO. 2:15-cv-01145** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **AMERICAN MUSICAL SUPPLY, INC.** | § | |

| | | |
|---|---|---|
| **BSG TECH LLC,** | § | |
| | § | **CASE NO. 2:15-cv-01146** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **ARLINGTON CONTACT LENS SERVICE,** | § | |
| **INC.** | § | |

| | | |
|---|---|---|
| **BSG TECH LLC,** | § | |
| | § | **CASE NO. 2:15-cv-01148** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **CTD, INC.** | § | |

| | | |
|---|---|---|
| **BSG TECH LLC,** | § | |
| | § | **CASE NO. 2:15-cv-01149** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **eBAGS, INC.** | § | |

| | | |
|---|---|---|
| **BSG TECH LLC,** | § | |
| | § | **CASE NO. 2:15-cv-01150** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **IHERB, INC.** | § | |

| | | |
|---|---|---|
| **BSG TECH LLC** | § | |
| | § | **CASE NO. 2:15-cv-01151** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **MONOPRICE, INC.** | § | |

| | | |
|---|---|---|
| **BSG TECH LLC** | § | |
| | § | **CASE NO. 2:15-cv-01153** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **OPTICSPLANET, INC.** | § | |
| **BSG TECH LLC** | § | |
| | § | **CASE NO. 2:15-cv-01154** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **PERSONALIZATIONMALL.COM, INC.** | § | |
| **BSG TECH LLC** | § | |
| | § | **CASE NO. 2:15-cv-01156** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **POWER EQUIPMENT DIRECT INC.** | § | |
| **BSG TECH LLC** | § | |
| | § | **CASE NO. 2:15-cv-01157** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **WAYFAIR LLC** | § | |
| **BSG TECH LLC** | § | |
| | § | **CASE NO. 2:15-cv-01158** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **WINE.COM, INC.** | § | |

## CONSOLIDATION ORDER

On November 20, 2015, the Court consolidated the above-styled cases (civil action no. 2:15-cv-1143, Docket No. 14). However, on October 9, 2015, Defendant American Apparel, Inc. filed a notice of suggestion of pendency of bankruptcy and automatic stay of proceedings (Docket No. 13). To better manage these cases, the Court **VACATES** the previous Consolidation Order (civil action no. 2:15-cv-1143, Docket No. 14).

Because the remaining cases still involve a common question of law or fact,

consolidating these cases promotes efficient case management. With the exception of civil action 2:15-cv-01143, the Court **ORDERS** that the remaining above-styled cases be consolidated for pretrial issues only, with the exception of venue. The second-earliest filed civil action (**2:15-cv-01145**) shall serve as the lead case for consolidated issues. The Clerk of the Court shall add the consolidated defendants to the new lead case, as well as Lead and Local Counsel only. Any other counsel who wishes to appear in the lead case shall file a notice of appearance in that case. The individual cases will remain active for venue motions and trial. Additionally, all pending motions will be considered as filed and without any prejudice due to consolidation (responsive briefs should be filed in the same case as the pending motion). Should the parties file motions to transfer or motions to sever and transfer, the Court will consider these motions only as to the defendants in the originally filed (member) cases, not as to all defendants in the pretrial consolidated case.[1] *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:12CV508, 2012 WL 3307942, at *4 (E.D. Tex. Aug. 10, 2012). All future filings, other than venue motions, shall be filed in the consolidated case.

The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case. To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that there are other related cases currently pending on the Court's docket, as well as any future cases Plaintiff intends to file, that may also be appropriate for consolidation with this case.

Finally, the Clerk is **ORDERED** to enter into the new lead case (2:15-cv-1145) Docket

[1] If one or more defendants wish to file a consolidated venue transfer motion, those defendants may, at their election, file consolidated briefing in the lead case that clearly indicates which defendants have joined the motion.

Numbers 16 and 17.

**SIGNED this 24th day of November, 2015.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE